# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:15CR00015-013 |
| v. ) | **OPINION** |
| ) | |
| **JOSHUA HUGHES,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Joshua Hughes, Defendant Pro Se.*

Joshua Hughes, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255, challenging his sentence imposed for conviction under 18 U.S.C. § 924(c). The United States has filed a Motion to Dismiss. Although the court granted an extension of time for Hughes to file a response, he has failed to do so, and the motion is now ripe for disposition. For the following reasons, I will grant the United States' Motion to Dismiss and deny the defendant's § 2255 motion.

I.

On February 5, 2016, Hughes entered into a written Plea Agreement in which he pleaded guilty to Counts One and Sixteen of a 20-count indictment brought against him and 22 others. The Plea Agreement included a collateral attack waiver, which provided that Hughes "waive[d] any right [he] may have to collaterally attack,

in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel." Plea Agreement 8, ECF No. 400.

On August 22, 2016, I sentenced the defendant to a below-guideline term of 132 months imprisonment, consisting of 72 months on Count One, to be followed by a term of 60 months on Count Sixteen. Count One of the Indictment charged the defendant with conspiring to distribute and possess with intent to distribute alpha-PVP, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(c), and Count Sixteen charged him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), for which the predicate crime was Count One.

In his present § 2255 motion, Hughes contends that the court erred in convicting him of his 924(c) offense, Count Sixteen, contrary to the holdings of *Borden v. United States*, 141 S. Ct. 1817 (2021), and *United States v. Taylor*, 142 S. Ct. 2015 (2022). Hughes argues that these cases stand for the notion that a drug trafficking crime cannot be considered a crime of violence, and therefore he cannot serve a sentence for a § 924(c) charge.

The government has moved to dismiss the § 2255 petition, first claiming that Hughes is barred from raising his claim because of the collateral attack waiver in his Plea Agreement. Second, even if the waiver does not bar this collateral attack, the government argues that *Bordon* and *Taylor* do not affect Hughes's § 924(c)

conviction. Finally, the government maintains that even if *Bordon* applies to Hughes's §924(c) conviction, Hughes procedurally defaulted by failing to raise the constitutional attack before his conviction became final, and that the default cannot be excused by a showing of cause and prejudice or actual innocence.[1]

II.

When the government seeks to enforce an appeal or collateral attack waiver, a court will generally enforce the waiver if it is knowing and voluntary and the issue being appealed or attacked falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156–57 (4th Cir. 2018); *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The Fourth Circuit has declined to enforce an otherwise valid appeal waiver on narrow grounds. One example is where the district court exceeded its statutory authority to impose a sentence or a retroactive change in the law later rendered a sentence beyond the court's authority. *United States v. Cornette*, 932 F.3d 204, 209–10 (4th Cir. 2019); *United States v. Beck*, 957 F.3d 440, 445 (4th Cir. 2020). Another is if enforcing a waiver "would result in a miscarriage of justice" because the issue is outside the waiver's scope. *United States v. Sweeney*, 833 F. App'x 395, 396 (4th Cir. 2021) (unpublished) (quoting *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005)). A finding of actual innocence is sufficient to

---

[1] The defendant dated and signed his motion on February 28, 2022, more than a year after his judgment became final. However, the government has not raised a statute of limitations defense and thus has waived it.

satisfy the miscarriage of justice requirement. *Id.* at 396. The grounds for declining to enforce an appeal or collateral attack waiver are narrow because if courts regularly declined to enforce such waivers, courts "would deprive the Government of the benefit of its bargain and frustrate the purpose underlying such contracts." *Cornette*, 932 F.3d at 210 (internal citation omitted).

In *United States v. Beck*, the Fourth Circuit held that an appeal waiver did not bar the defendant from challenging his conviction on the ground that a statute failed to state an offense. 957 F.3d at 445 (4th Cir. 2020). The defendant essentially argued that "no court in any case" could convict a defendant under the statute for which the defendant was convicted. *Id.* The court reasoned that the defendant's claim "fell outside the scope" of his appeal waiver because absent a valid statutory basis, the court would lack the authority to convict the defendant or impose a sentence. *Id.*

In *United States v. Sweeney*, the Fourth Circuit found that a defendant had made an adequate showing of actual innocence sufficient to constitute a miscarriage of justice. 833 F. App'x at 397. The court reasoned that because the defendant's predicate offenses were conspiracy to commit a Hobbs Act robbery and attempted Hobbs Act robbery, the Supreme Court had struck down §924(c)(3)(B)'s residual clause, and the Fourth Circuit had previously held that conspiracy to commit and attempted Hobbs Act robbery are not § 924(c) "crime[s] of violence," the

defendant's sentence was not supported by a valid predicate. *Id.* at 396–97. Thus, the court declined to enforce the defendant's appeal waiver. *Id.* at 397.

In *United States v. Cornette*, the Fourth Circuit declined to enforce a waiver to bar the petitioner's § 2255 challenge to his sentence enhancement under the residual clause of the Armed Career Criminal Act (ACCA), which the Supreme Court struck down as unconstitutionally vague in *Johnson v. United States*, 576 U.S. 591 (2015). *Cornette*, 932 F.3d at 210. The court noted that the defendant "who does not constitute an armed career criminal has received punishment that the law cannot impose upon him." *Id.* (internal quotation marks, editing marks, and citations omitted). The court reasoned that because *Johnson* both rendered the statutory provision under which the defendant was sentenced unconstitutional and applied retroactively, "the district court is now deemed to have had no statutory authority to impose Cornette's sentence." *Id.* The court emphasized that the substantive and retroactive nature of the change in law distinguished the petitioner's challenge from an appeal or collateral attack based on non-retroactive procedural changes in sentencing laws or other favorable changes in the law, which have been bound by waiver. *Id.*

Here, Hughes has not established that his collateral attack waiver is unenforceable. He does not dispute that he knowingly and voluntarily entered into his Plea Agreement containing the waiver. Rather, he maintains that recent case law

indicates his §924(c) charge cannot stand. Read broadly, he contends that the court is now deemed to have had no statutory authority to impose his sentence in light of *Taylor* and *Bordon*. I disagree.

The facts underlying *Taylor* are distinguishable from those in this case. In *Taylor*, the defendant was convicted of using a firearm in furtherance of a crime of violence predicated on conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery. 142 S. Ct. 2015, 2019 (2022). The Supreme Court held that attempted Hobbs Act robbery is not categorically a § 924(c) crime of violence. *Id.* at 2022. In doing so, the court affirmed the Fourth Circuit's decision to vacate the defendant's § 924(c) conviction. *Id.* at 2026.

Here, the predicate offense to which Hughes pleaded guilty is not Hobbs Act robbery, but conspiracy to distribute alpha-PVP. *Taylor* simply does not move the imposition of sentence under § 924(c) for a drug trafficking crime beyond the court's statutory authority.

Neither does the Supreme Court's *Bordon* decision. In *Bordon*, the Court held that a criminal offense that only requires a mens rea of recklessness cannot qualify as a "violent felony" under the ACCA. 141 S. Ct. at 1821–22. Decisions interpreting the ACCA's "violent felony" definition are persuasive in interpreting 924(c)'s "crime of violence" definition. *United States v. Jackson*, 32 F.4th 278, 283 (4th Cir. 2022). Yet Hughes's § 924(c) conviction was predicated not on a "crime of

violence" but on a drug trafficking offense. Section 924(c) provides criminal penalties for persons who "during and in relation to any crime of violence *or* drug trafficking crime" use, carry, or possess a firearm in furtherance of any such crime. 18 U.S.C. § 924 (emphasis added). "[D]rug trafficking crime[s]" and "crime[s] of violence" are distinct, separately defined predicate crimes. 18 U.S.C. § 924(c)(2); *id.* § 924(c)(3); *cf. Loughrin v. United States*, 573 U.S. 351, 357 (2014) (noting that the ordinary use of the term "or" "is almost always disjunctive, that is the words it connects are to be given separate meanings."). The 924(c) charge to which Hughes has been convicted is clearly categorized as having been predicated on a "drug trafficking crime," not a crime of violence. Plea Agreement 1, ECF No. 400. Accordingly, *Bordon* does not signal that the court's imposition of Hughes's 924(c) sentence may now be deemed to have been beyond its authority or that Hughes has made a showing of actual innocence because his conviction may be based on an invalid predicate.

Finally, even if I were to disregard Hughes' waiver, his claim still fails for the same reasons discussed above. To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Hughes's motion does not state a viable claim.

Courts will "uphold a § 924(c) conviction if it is expressly predicated on at least one offense that categorically qualifies as a crime of violence or drug trafficking crime." *United States v. Ogun*, No. 16-7450, 2022 WL 843899, at *2 (4th Cir. Mar. 22, 2022) (unpublished).  Conspiracy to distribute or possess with intent to distribute a controlled substance, such as a substance containing alpha-PVP is a felony punishable under the Controlled Substances Act.  18 U.S.C. §§ 841, 846.  Such crime is a "drug trafficking crime" under § 924(c).  18 U.S.C. § 924(c)(2) ("For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act [21 U.S.C. 801 et seq.], the Controlled Substances Import and Export Act [1 U.S.C. 951 et seq.], or chapter 705 of title 46.").  In other words, Hughes's conviction is expressly predicated on an offense that categorically qualifies as a valid § 924(c) predicate offense.  Again, neither *Taylor* nor *Bordon* change that, and Hughes's underlying drug offense is unaffected by Supreme Court decisions invalidating § 924(c)'s residual clause, which is part of the statutory definition of "crime of violence," not "drug trafficking crime."  *Cf. United States v. Crawley*, 2 F.4th 257, 262–63 (4th Cir. 2021) (finding that a drug trafficking predicate is unaffected by the holdings in opinions involving §924(c) crimes of violence); *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016) (noting

that defendants' 924(c) verdicts could be upheld because the defendants were found guilty of possessing a firearm in furtherance of a drug trafficking crime, even if the defendants' Hobbs Act convictions were not crimes of violence). Hughes's claim is without merit because his §924(c) conviction is supported by a valid predicate.

## III.

For these reasons, I will grant the United States' Motion to Dismiss, ECF No. 1283, and deny the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 1277. A separate Final Order will be entered herewith.

DATED:   August 1, 2022

/s/  JAMES P. JONES
Senior United States District Judge